UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carl A. Nelson,   Case No. 1:14-cv-01530

    Petitioner

v.   MEMORANDUM OPINION
AND ORDER

Ohio Adult Parole Authority,

    Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Carl A. Nelson filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Grafton Correctional Institution, serving a sentence of 15 to 150 years for rape and kidnaping. In his Petition, he contends that he was denied release on parole at his latest parole eligibility hearing due to the serious nature of his offenses and the board's determination that there is a substantial likelihood that he will reoffend if released. As grounds for habeas relief, he asserts: (1) the Ohio Adult Parole Authority ("OAPA") deprived him of substantive due process and a protected property interest in a meaningful parole hearing when the board used Ohio Administrative Code § 5120:1-1-07(A)(1) and (2) to deny him parole because it conflicts with Ohio Revised Code § 2967.03; and (2) the OAPA's use of Ohio Administrative Code § 5120:1-1-07(A)(1) and (2) to deny him parole violated the separation of powers doctrine. For the reasons set forth below, the Petition is denied and this action is dismissed.

Petitioner was convicted of the kidnaping and rape of a juvenile female in 1978. While on parole from that sentence in July 1985, he and an accomplice forced another fourteen year old girl into their vehicle and transported her to the accomplice's residence where they both forcibly raped her numerous times. He was convicted of four counts of rape with specifications and one count of kidnaping on October 21, 1987. He is currently serving a sentence of 15 to 150 years.

Petitioner received his first parole hearing in August 1997, and was given a ten year continuance. Thereafter, at subsequent parole hearings, he was denied release on parole due to the serious nature of his crime and the Board's determination that he posed a high risk for reoffending if released. In support of this determination, the Board cited the fact that he was on parole for a similar offense when he committed his current offenses. His last hearing was held on September 26, 2013.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking a new parole hearing in which the Board is prohibited from considering the likelihood that he will engage in future criminal conduct if he is released or the danger he may pose to public safety due to the serious nature of his crimes. He contends that these factors found in Ohio Admin. Code §5120:1-1-07 do not conform to the legislative intent of Ohio Revised Code § 2967.03 and deny him substantive due process. Ohio Revised Code § 2967.03 states in pertinent part:

> The adult parole authority... may investigate and examine...prisoners confined in state correctional institutions concerning their conduct in the institutions, their mental and moral qualities and characteristics, their knowledge of a trade or profession, their former means of livelihood, their family relationships and any other matters affecting their fitness to be at liberty without being a threat to society. . . . The authority...may grant a parole...if in its judgment there is reasonable ground to believe that ...paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society.

He claims that while the statute permits the OAPA to consider institutional conduct, mental and moral qualities, knowledge of a trade or profession, former means of livelihood, and family relationships, it does not expressly permit the board to consider the seriousness of his offense as a reflection of his dangerousness to society nor his likelihood of reoffending due to his criminal history. He acknowledges that the statute permits consideration of "any other matters affecting [his] fitness to be at liberty without being a threat to society," but argues his likelihood of reoffending and the serious nature of his crime do not fall within this general category when the doctrine of *ejusdem generis* is applied. He claims that using the factors listed in Ohio Admin. Code §5120:1-1-07 to deny him parole violates his right to substantive due process.

In addition, Petitioner asserts the OAPA's use of Ohio Admin. Code §5120:1-1-07 violates the separation of powers doctrine. He contends that the serious nature of the crime is a factor to be considered under Ohio Revised Code § 2929.23 (factors to consider in felony sentencing) and therefore cannot be considered by the parole board. He claims consideration of the nature of the offense is a judicial function, not the function of an administrative agency. He asserts this violates the doctrine of separation of powers.

Finally, Petitioner contends the actions of the parole board in denying him parole "shocks the conscience" of any person. He claims the Substantive Due Process Clause protects him from arbitrary decisions by the parole board based on the seriousness of his offenses and his likelihood to reoffend if released.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996, and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to

reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place

4

is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## DISCUSSION

Despite Petitioner's attempts to characterize his first ground for relief as a denial of substantive due process, it is in essence a challenge to the State of Ohio's interpretation of its statutes and its administrative regulations. Generally, a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court cannot revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."). A claim based solely on an error of state law is not redressable through the federal habeas process. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Greer*, 264 F.3d at 675; *Hutchison v. Marshall*, 744 F.2d 44, 46-47 (6th Cir. 1984). It is especially inappropriate for a federal habeas court to set aside a state court's ruling on an issue of state law where, as in the present situation, Ohio's appellate courts have already found Petitioner's claim that the parole consideration factors found in Ohio Admin. Code §5120:1-1-07 do not conform to the legislative intent of Ohio Revised Code § 2967.03 to be meritless. *See Nelson v. Mohr*, No. 13AP-130, 2013 WL 5603588 (Ohio App. 10 Dist. Oct. 10, 2013).

Although this principle does not prohibit federal habeas relief where a state court's error in interpreting or applying its own law has rendered a decision "so egregious that it results in a denial of fundamental fairness" as to have deprived Petitioner of substantive due process in violation of the United States Constitution, *see Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993), this is not our situation here. Substantive due process serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327,

331 (1986). Substantive due process serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscience," as to rise to the level of a constitutional violation. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). Where the government action does not deprive Petitioner of a particular constitutional guarantee or shock the conscience, that action survives substantive due process scrutiny as long as it is rationally related to a legitimate state interest and thus not arbitrary or capricious. *See, e.g., Reno v. Flores*, 507 U.S. 292, 301-05 (1993); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997).

As an initial matter, prisoners have no inherent constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The Ohio parole statutes do not create a protected liberty interest for due process purposes and therefore the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. *Jago v. Van Curen*, 454 U.S. 14, 20 (1981). Until his maximum sentence expires, Petitioner has no liberty or property interest in receiving parole, and denying him parole does not infringe on a fundamental right.

Furthermore, denying Petitioner release on parole due to his prior criminal history and the serious nature of his offenses does not shock the conscience. A person asserting a substantive due process claim "faces a virtually insurmountable uphill struggle" because he must show that "the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer–Bey v. Brown*, 62 F.3d 789, 791 n. 4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952)); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). In this case, Petitioner was on parole for kidnaping and raping a juvenile female when he and an accomplice kidnaped and raped another juvenile female. Denying him release on parole in consideration of the serious nature of his offenses and his track record of

6

recidivism does not shock the conscience and does not support a finding that Petitioner was denied substantive due process.

Moreover, Petitioner has not shown that the state acted arbitrarily in considering factors not specifically enumerated in the statute. Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, Petitioner does not present any such allegations here. *Mayrides v. Chaudhry*, No. 01-3369, 2002 WL 1359366, at *2 (6th Cir. June 20, 2002); *Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir.1980). To the contrary, criminal history and the seriousness of the offenses of conviction are rationally related to the legitimate government interest in protecting the public. *See Mayrides v. Chaudhry*, No. 01-3369, 2002 WL 1359366, at *2 (6th Cir. June 20, 2002).

Petitioner failed to state a claim for denial of substantive due process. His claims are based solely on the state's interpretation of its own laws and are not cognizable in habeas corpus.

Finally, Petitioner asserts that the OAPA violated the doctrine of separation of powers between the judicial branch and the executive branch in the State of Ohio when it considered the seriousness of his offenses. This claim is not cognizable for purposes of federal habeas corpus review. The separation of powers between a state trial judge and state parole board members is a matter of state law. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). A federal court may not grant habeas relief based upon "a perceived error of state law." *Id.*; *see Whalen v. United States*, 445 U.S. 684, 689 n. 4 (1980) ("the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States"); *Austin*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that separation of powers argument regarding length of sentence was not cognizable on federal habeas review).

**CONCLUSION**

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge