UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Carl A. Nelson,                                    Case No.  1:14-cv-01530

    Petitioner

v.
                                                             ORDER

Ohio Adult Parole Authority,

    Respondent


Petitioner filed a Motion for Relief from Judgment (Doc. No. 11), and a Motion for an Emergency Temporary Restraining Order (Doc No. 12).  For the reasons stated below, the Motions are denied.

Petitioner filed this habeas petition to contest the denial of his release on parole.  Thereafter, he attempted to amend his petition to include a challenge to his consecutive sentences.  Because Petitioner had already filed two prior habeas petitions to challenge his conviction and sentence, and was denied permission from the Sixth Circuit to file a successive petition to assert this very claim, I denied his Motion to Amend.  (Doc. 10).  He filed a Rule 59(e) Motion to Alter or Amend Judgment on May 1, 2017 (Doc. No. 9) to attempt to raise his sentencing claim.  I denied that Motion.  (Doc. No. 10)  Undeterred, Petitioner has now filed a Motion for Relief from Judgment under Federal Civil Procedure Rule 60(b)(4) (Doc. No. 11), claiming his judgment of conviction is void because he

was sentenced to consecutive sentences. He also filed a Motion for Temporary Restraining Order asking me to stay his parole hearing until the Rule 60(b) Motion is resolved. (Doc. No. 12).

Petitioner appears to misunderstand the meaning of Rule 60(b) (4). Rule 60(b)(4) allows a court to "relieve a party ... from a final judgment, order, or proceeding" when "the judgment is void." Rule 60(b)(4) applies only in the rare instance where I lacked jurisdiction to enter my judgment in this case, or if Petitioner did not have notice of these proceedings and therefore was not provided with an opportunity to be heard. *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Petitioner is not arguing this Court's judgment is void. He is arguing his state court judgment is void. He did not lack notice of the initiation of this case. He filed it. Rule 60(b)(4) does not provide Petitioner with another avenue to attack his state court sentence simply by referring to his judgment of conviction as void ab initio.

For the foregoing reasons, the Motion for Relief from Judgment (Doc. No. 11), and the Motion for an Emergency Temporary Restraining Order (Doc No. 12) are denied.

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge